Leslie Burns (SBN 276687)
leslie@burnstheattorney.com
Burns the Attorney
3305 Cedar Street
San Diego, CA 92102
(619) 246-4121 (telephone)
Attorney for Plaintiff

# THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| JOHN DURANT, an individual,<br>Plaintiff,<br><br>vs.<br><br>KURT FISCHER STRUCTURAL ENGINEERING, INC., a California Corporation,<br><br>and<br><br>KURT FISCHER, an individual,<br>Defendants. | CASE No.:<br><br>**COMPLAINT FOR DIRECT AND VICARIOUS WILLFUL COPYRIGHT INFRINGEMENT WITH DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff John Durant ("Durant"), who states his claims against the defendants, as follows:

## JURISDICTION AND VENUE

1.     This action arises under the Federal Copyright Act of 1976, as amended, 17 U.S.C. § 101, *et seq.*  Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1338(a).

2. This Court has personal jurisdiction over defendant Kurt Fischer ("Fischer") by virtue of his residing and doing business in this district.

3. This Court has personal jurisdiction over defendant Kurt Fischer Structural Engineering, Inc. ("KFSE") because its headquarters is located in and it does business in this district.

4. Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (c) and 1400(a).

## THE PARTIES TO THIS COMPLAINT

5. Durant is professional freelance photographer who is a U.S. citizen and domiciled in Carlsbad, California; he is sole member of John Durant Photographer, LLC, a California company, which he created and registered with the state in 2017.

6. According to the California Secretary of State's records, filed on January 27, 2025, KFSE is a for-profit California corporation registered under entity number 3530216 and is doing business at 17547 Ventura Blvd., Suite 305, Encino, CA 91316; it may be served through its registered agent, Fischer, at 1505 Outlook Circle, Westlake Village, California 91362.

7. According to those state records cited above, Fischer is the sole director and one of two officers of KFSE; he may be served at 1505 Outlook Circle, Westlake Village, California 91362.

8. According to the same state records, there are no other directors of KFSE other than Fischer; thus, KFSE is presumably a closely-held corporation, if not solely held by Fischer.

## OPERATIVE FACTS

9. Durant is a full-time, independent, professional photographer who, for decades, has created photographs that artistically display architecture and its elements which he licenses to others for use.

10. In January 2009, Durant created, was the author of, and at all times owned the copyrights to photographs of the La Jolla Commons building in La Jolla, California, including the photograph at issue here, shown below in its entirety and as it appears on Durant's website (the "Photo"):



11. Durant registered the Photo, with others, with the U.S. Copyright Office, including it in the deposit copies for this registration; he did so prior to the first publication of the Photo which occurred months later when he provided those photographs to Hines, his client and licensee.

12. Durant received Certificate of Registration number VAu 1-001-901, with an effective date of April 16, 2009, a true copy of which is shown in Exhibit A, attached; therefore, Durant has fulfilled the registration requirement to being suit here, under 17 U.S.C. §411.

13. Durant has complied in all respects with the Copyright Act of 1976, 17 U.S.C. §101, *et seq*., as amended, and all other laws and regulations governing copyrights with respect to the Photo.

14. Durant has never granted an exclusive license for any rights in and to

the Photo.

15. Hines displays the Photo, under a non-exclusive license from Durant, at https://www.hines.com/properties/la-jolla-commons-san-diego and the Photo resides on Hines' server at https://s3.amazonaws.com/hines-images/la-jolla-commons/la-jolla-commons-signature_hres_web.jpg.

16. Durant does not permit his licensees to sublicense or otherwise license out his work, with very rare exceptions and then only with express written permission; there is no such permission as to the Photo.

17. KFSE is a sophisticated user of photography with dozens of photographs displayed on its website. *See* https://kfseng.com, generally.

18. KFSE displays a copyright notice on every page of its website. *Id*.

19. On or about August 13, 2025, Durant discovered that KFSE had reproduced and displayed the Photos on its website, specifically at https://kfseng.com/projects/la-jolla-commons ("Front-Facing Use") using it in a commercial manner to advertise and promote KFSE's experience and services, as seen in the examples shown in Exhibit B, attached.

20. The Photo resided on KFSE's servers at https://images.squarespace-cdn.com/content/v1/5ec6f17371904f56da2f0c57/1593816849853-S24PRWNAL9E9AA0T6Q6B/Hines-6.jpg ("Server Use"). *See id*.

21. Durant did not license or otherwise authorize KFSE to reproduce, display, or in any other manner use his Photo.

22. Durant first discovered KFSE's illicit reproduction, display, and distribution of the Photo in August 2025; thus, his claims are well within the three-year statute of limitations period pursuant to 17 U.S.C. § 507(b).

23. Durant's licenses for online use start at $2500 per photograph.

24. On August 20, 2025, Durant, through counsel, emailed Defendants a cease-and-desist letter to kfischer@kfseng.com; the letter included an offer to settle.

25. Durant did not receive a response to that email; however, the Photo was soon removed from the Front-Facing Use.

26. Defendants continued to display the Photo on the Server Use.

27. On August 22, 2025, Durant's counsel followed up via email to the same address to note that one of the two uses had ceased but that the other must as well; she also reminded Defendants of Durant's offer to settle.

28. On August 27, 2025, Defendants continued to display the Photo on the Server Use.

29. That same day at 9:30am (PT), counsel sent a follow-up email to the same address noting that thus use must cease and that if it did not by 5pm that same day, Durant would file a DMCA Takedown Notice with Defendant's ISP, Squarespace.

30. On August 29, 2025, the Photo was still being displayed on the Server Use and thus counsel filed a DMCA Takedown Notice with Squarespace to effect the removal; the Photo was removed by September 3, 2025.

31. Between September 3 and October 8, 2025, counsel attempted to reach Defendants via email, phone calls, and a print letter which was confirmed delivered by the USPS on September 13, 2025.

32. Defendants never responded.

33. In a final and good-faith effort to start negotiations, on October 8, 2025, Durant forwarded a draft of this complaint to Defendants, via email and USPS Priority Mail, and stated that if a reasonable and good-faith offer was not received before 8:00a.m. PT, October 28, 2025, the draft would be finalized and filed.

34. The letter was confirmed delivered by the USPS on October, 10, 2025; however, no timely response was received.

35. At 8:35a.m. on October 28, 2025, counsel again called 818-874-1445, the phone number for KFSE as on its website, and left voicemail noting that

Defendants had missed the deadline; she also made it clear that some contact was required immediately to avoid litigation.

36. No contact of any kind was received prior to the filing of this complaint.

## FIRST CAUSE OF ACTION

(Copyright Infringement by KFSE)

37. Durant re-alleges and incorporates by reference Paragraphs 1 through 36 above.

38. KFSE obtained the Photo online, presumably from the Hines website or Durant's own website, reproduced it exactly and entirely, named it for Durant's licensee ("hines-6.jpg"), then displayed it on its website.

39. KFSE has not compensated Durant for its reproduction and display, and commercial use of the Photo.

40. KFSE's conduct violates the exclusive rights belonging to Durant as owner of the copyright in the Photo including, without limitation, Durant's exclusive rights under 17 U.S.C. § 106.

41. As a direct and proximate result of its wrongful conduct, KFSE has realized and continues to realize profits and other benefits rightfully belonging to Durant for the Photo. Accordingly, Durant seeks an award of actual damages pursuant to 17 U.S.C. § 504.

42. Since the effective date of the Photo's copyright registration preceded the infringement complained of here, the registration is timely under 17 U.S.C. § 412; therefore, Durant is entitled to and seeks statutory damages for KFSE's infringement of the Photo, as well as attorney's fees and costs, under 17 U.S.C. §§ 504 and 505.

43. The Photo, where it appears legitimately, includes credit lines, metadata, and other information identifying that the Photo is protected and not free to use.

44. Because the legitimate uses online include such information, KFSE had actual and constructive notice that the Photo was specifically protected by copyright and not free to use.

45. Additionally, KFSE was informed of its illicit use of the Photo and did not remove the Photo from the Server Use despite receiving specific notice of that continued use; necessitating the filing of a DMCA Takedown Notice.

46. KFSE displays many photographs on its website and therefore either understands the need to license photographs or ignores the copyright status of all the photography it uses.

47. KFSE displays its own copyright notice on every page of its website.

48. Therefore, KFSE understands copyright applies to websites and the photographs that appear on them or it systematically ignores the copyright status of the photographs it reproduces and displays.

49. Since KFSE's reproduction and display of the Photo was done either (1) with actual or constructive knowledge such use was unauthorized, or (2) with recklessness as to the Photos' copyright status, the infringement was willful; Durant is therefore entitled to and seeks the recovery of enhanced statutory damages for KFSE's willful infringement of the Photo, under 17 U.S.C. § 504.

## SECOND CAUSE OF ACTION
(Vicarious Infringement by Kurt Fischer)

50. Durant re-alleges and incorporates by reference Paragraphs 1 through 49, above.

51. As owner, sole director, and an officer of KFSE, Fischer had (1) a legal right to stop or limit KFSE's directly infringing conduct, including the reproduction and display of the Photo, and (2) the practical ability to do so.

52. Additionally, as owner-officer-director of KFSE, Fischer gained a direct financial benefit from its direct infringement via, at minimum, increased customer goodwill and sales derived from that goodwill and increased equity value generated from the illicit use of the Photo and the representations made by its use.

53. As such, Fischer had: (1) the right and ability to supervise or control the infringing activity; and, (2) a direct financial benefit from that activity; therefore, Fischer is vicariously liable, jointly and severally with KFSE, for the direct infringement here.

54. As a direct and proximate result of Fisher's vicarious infringement, Durant has suffered injuries and damages.

## PRAYER FOR RELIEF

Plaintiff prays for judgment as follows:

1. Declare that the KFSE's unauthorized conduct violates Durant's rights under common law and the Federal Copyright Act;

2. Order that KFSE directly infringed on Durant's copyright in and to the Photo and is liable for the infringement;

3. Order that KFSE's infringement was legally willful;

4. Order that Kurt Fischer is vicariously liable, jointly and severally with KFSE, for its direct infringement of Durant's copyright in and to the Photo, including KFSE's willfulness;

5. Order Defendants to account to Durant for all gains, profits, and advantages derived by Defendants due to their infringements of

Durant's copyrights in and to the Photo; or such damages as are proper;

6. Award Durant profits and actual damages in such amount as may be found under 17 U.S.C. § 504 (b) for Defendants' infringing the copyrights in the Photo;

8. Alternatively, award statutory damages in the amount of $20,000, under 17 U.S.C. § 504 (c)(1); or such other amount as may be proper under 17 U.S.C. § 504;

9. Upon a finding that Defendant(s) willfully infringed Durant's copyrights in the Photo, award Durant statutory damages in the amount of $75,000, under 17 U.S.C. § 504 (c)(2); or such other amount as may be proper under 17 U.S.C. § 504;

10. Award Durant his costs, reasonable attorney's fees, and disbursements in this action, under 17 U.S.C. § 505;

11. Enter a permanent injunction enjoining Defendants from engaging in any further acts of copyright infringement of the Photo; and,

12. For such other and further relief as the Court may deem just and proper.

Plaintiff demands a jury trial on all of the foregoing claims.

This 18th day of November, 2025.

Respectfully submitted,

_____
Leslie Burns (CA Bar No. 276687)
*Attorney for Plaintiff, John Durant*
leslie@burnstheattorney.com